

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Mortimer Brown
Executive Secretary,
Teacher Retirement System of Texas
Austin, Texas.

Dear Sir:

Opinion No. O-1439
Re: May the Teacher Retirement
System pay an amount not ex-
ceeding $250.00 held by it
for a minor, who is the bene-
ficiary of a deceased member,
to the County Clerk of the
county of the minor's resi-
dence if the sum involved
does not exceed $250.00?

Your letter of September 25, 1939, submitting the following question received:

"Would the Teacher Retirement System be fol-
lowing the provisions of the law and using reason-
able discretion if they paid an amount held by
the Teacher Retirement System for the beneficiary
of a deceased member to the County Clerk of the
county of the minor's residence if the sum involved
does not exceed $250.00?"

Subdivision 6 of Article 2922, known as the Teacher
Retirement Act provides that:

"Should a member die before retirement, the
amount of his accumulated contribution standing
to the credit of his individual account shall
be paid as provided by the laws of descent and
distribution of Texas unless he has directed
the account to be paid otherwise."

From your letter we presume the minor is the bene-
ficiary of the fund in question.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Article 4112a of the Revised Civil Statutes provides that whenever any minor shall be entitled to any sum or sums of money not exceeding $250.00 from any person, firm, corporation, administrator, executor, guardian, or trustee, arising out of any liquidated and uncontested claim, such custodian of the funds may pay same over to the County Clerk of the county in which said minor resides for the account of said minor, and the receipt of the County Clerk therefor shall be forever binding on said minor as of the date and to the extent of the payment of same. Said article further provides that the father or mother, or any person who may have the custody of the minor, may make application to the County Judge and execute a proper bond to be approved by the County Judge, and obtain said fund from the County Clerk to be used for the benefit of the minor, and upon the funds being exhausted the party who received the money may make a proper showing thereof, and by an order of the County Court be relieved from further liability on his bond.

Article 1994 of the Revised Statutes, passed in 1893, is similar to Art. 4112a, and said Art. 1994 provides that where a minor, without a guardian, recovers a judgment for less than $500.00, his next friend, or some other person approved by the judge in whose court the judgment was obtained, may receive the money from the clerk of the court by executing a bond in double the amount of said judgment, conditioned as provided by law; and where the amount of the recovery for the minor is more than $500.00, the trial judge may order its investment in any manner that he, the trial judge, may direct.

In construing Art. 1994, our courts in McClendon v. Gahagan, 6 S.W. (2) 798, held that where the fund was invested by order of the District Judge, said investment was binding upon the minor, although the investment turned out disastrously and the money was lost by reason of a bad investment.

Since Art. 4112a provides specifically that any trustee, or person who holds any fund, which does not exceed $250.00, about which there is no controversy, that belongs to a minor, and since you state that the amount belonging to the minor in question is less than $250.00, you can, under the provisions of said statute, pay same to the County Clerk of the county where the minor lives,

and take his, the County Clerk's receipt therefor, and you and the Teacher Retirement System will then be relieved from any and all further liability or responsibility in connection therewith.

Before paying same you should obtain a statement from the County Clerk of the county of the minor's residence that no guardian has been appointed in said county for the minor. You should also obtain an affidavit from someone that no guardian has been appointed for the minor. If a guardian has been appointed, of course, the money should be paid to the guardian.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By     Geo. W. Barcus
        Assistant

GWB-MR     APPROVED SEP 20, 1939

ATTORNEY GENERAL OF TEXAS